IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID EUGENE PARKER, GDC ID 628747, | HABEAS CORPUS 28 U.S.C. § 2254 |
| Petitioner, | |
| v. | CIVIL ACTION FILE NO. 1:15-CV-03539-TWT-JKL |
| CEDRIC TAYLOR, Warden, | |
| Respondent. | |

## **FINAL REPORT AND RECOMMENDATION**

Petitioner is confined at Baldwin State Prison in Hardwick, Georgia. Petitioner, *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.]

Respondent filed a motion to dismiss the petition as untimely, along with the relevant records of Petitioner's state court proceedings. [Docs. 9, 10.] Petitioner did not file a response to the motion and the deadline for doing so has passed. *See* LR 7.1B, NDGa. (requiring responses be filed within fourteen days). Petitioner's failure to file a response indicates a lack of opposition to the motion. *Id.* Nonetheless, I have considered Respondent's motion on the merits, and for the following reasons, I **RECOMMEND** that Respondent's motion be **GRANTED**.

# I.     BACKGROUND

In 2011, Petitioner was convicted in the Superior Court of Fulton County of aggravated assault, possession of a firearm in the commission of a felony, possession of a firearm by a convicted felon, and two counts of cruelty to children. [Doc. 1 at 2;  Doc. 10-2.]  The trial court sentenced Petitioner to twenty years' imprisonment.  [Doc. 10-2.]

Petitioner timely filed a motion to withdraw his guilty plea on June 13, 2011. [Doc. 10-3.]  The trial court denied his motion on August 24, 2011.  [Doc. 10-4.] Petitioner sought discretionary appeal of the order denying his motion with the Supreme Court of Georgia on October 27, 2015, over four years later.  [Doc. 10-5.] His application for discretionary appeal was transferred to the Georgia Court of Appeals where it was denied as untimely.  [*Id.*]

Petitioner also filed a state habeas corpus petition in Baldwin County, Georgia on April 9, 2012, challenging his 2011 conviction.  [Doc. 10-6.]  The state habeas court denied relief on October 3, 2013.  [Doc. 10-8.]  Petitioner's timely filed application for a certificate of probable cause to appeal was denied on March 30, 2015.  [Doc. 10-9.]  Petitioner filed his federal habeas petition in this Court on September 30, 2015.[1]  [Doc. 1 at 8.]

---

[1] A prisoner proceeding *pro se* is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  If a prisoner does not identify that date, the

## II.   DISCUSSION

### A.   The Statute of Limitations

Absent extraordinary circumstances, a federal district court may not consider the merits of a habeas petition unless it is timely filed.   28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

petition is presumed to have been mailed on the date the prisoner signed it, absent contrary evidence.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  There is no contrary evidence here.  Accordingly, the present petition is deemed filed on the date Petitioner signed it.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.    Analysis

When the state trial court denied the motion to withdraw his guilty plea on August 24, 2011, Petitioner had 30 days to file a direct appeal.  *See* O.C.G.A. § 5-6-38.  When Petitioner did not file a timely direct appeal, his conviction became final on September 23, 2011, as that was the "expiration of the time" for seeking further "direct review" of the judgment and Petitioner did not seek further review by that date.  *See* 28 U.S.C. § 2244(d)(1)(A).  Petitioner did file an application for discretionary appeal with the Supreme Court of Georgia on October 27, 2015. [Doc. 10-5.]  The Court of Appeals denied the application as untimely on January 6, 2016.  [*Id.*]  Accordingly, the time during which that application was pending counts toward the one-year limitations period.  *Wade v. Battle*, 379 F.3d 1254, 1262-64 (11th Cir. 2004) (holding that an application for state post conviction relief must be timely filed to be considered "properly filed" pursuant to 28 U.S.C. § 2244(d)(2)).

4

As a result, the one-year period for filing a federal habeas petition began on September 23, 2011, when the time for filing a direct appeal expired, and would have ended on September 23, 2012, absent tolling.[2]

Petitioner filed a state habeas petition on April 9, 2012, 199 days after the limitations period began. [Doc. 10-6.] That filing tolled the limitations period for "[t]he time during which . . . [the petition was] pending." 28 U.S.C. § 2244(d)(2). The state petition remained pending until March 30, 2015 when his timely filed application for certificate of probable cause to appeal was denied. The one-year clock resumed running on that date, with 166 days remaining. Petitioner thus had until September 12, 2015, to file his federal habeas petition or to file in state court another action collaterally attacking his judgment of conviction. Petitioner's federal petition, which he filed September 30, 2015, is thus untimely and should be dismissed.

## C.    Certificate of Appealability

A habeas petitioner may not appeal the dismissal of his § 2254 petition "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation marks omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue "only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009).

Petitioner has not shown that reasonable jurists would find debatable both the timeliness issue and the issue of whether he has stated a claim that his

6

constitutional rights were violated in his state criminal case.   As a result, a certificate of appealability should not be issued.

### III.   CONCLUSION

For the above reasons, I **RECOMMEND** that Respondent's Motion to Dismiss Petition as Untimely [Doc. 9] be **GRANTED**.

**IT IS SO RECOMMENDED** this 27th day of April, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

7